IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIETTA D. BELNAS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> MORTGAGEIT, INC. (erroneously ) <br> sued as "MORTGAGE IT"); BANK OF ) <br> AMERICA CORPORATION ) <br> (erroneously sued as "BANK OF ) <br> AMERICA" and as successor in ) <br> interest to MORTGAGEIT); ) <br> AMERICAN CAPITAL FINANCIAL ) <br> SERVICES and DOES 1-100, ) <br> inclusive, ) <br> ) <br> Defendants. ) <br> _____/ | 2:10-CV-00527-JAM-JFM <br><br> <u>ORDER GRANTING DEFENDANTS'</u> <br> <u>MOTION TO DISMISS</u> |

This matter comes before the Court on Defendant MortgageIT, Inc.'s ("MortgageIT's") and Defendant Bank of America Corporation's, as successor in interest to MortgageIT, ("Defendant BAC's") (collectively "Defendants'") Motion to Dismiss (Doc. 8) Plaintiff Marietta D. Belnas' Complaint (Doc. 1, ex. A). The motion to dismiss is brought pursuant to Federal

1

Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. Plaintiff opposes the motion.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

In August 2006, Plaintiff entered into a loan agreement with MortgageIT to refinance property at 10307 Pedro Do Sol Way, Elk Grove, California ("subject property"). This loan was secured by a Deed of Trust ("Deed"), recorded on August 21, 2006. The Deed listed Defendant MortgageIT as Lender.

Plaintiff was allegedly channeled into this loan by an employee of defendant American Capital Financial Service ("American") (not a party to this motion) who represented to Plaintiff that the loan made by Defendant MortgageIT was the best loan available on the market. Plaintiff became delinquent on her loan payments in February 2009, and the loan servicer Countrywide Home Loans Servicing LLP notified Plaintiff of her default in March 2009. On February 2, 2010 Plaintiff filed her Complaint in state court, alleging ten causes of action. Defendant MortgageIT removed the case to this Court.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

## II.  OPINION

### A. Legal Standard

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1975), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). "Notwithstanding this deference, it is improper for a court to assume the plaintiff can prove fact which he or she has not alleged." Ozuna v. Home Capital Funding, 2009 WL 2496804, at *1 (S.D. Cal. Aug. 13, 2009).

Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

Generally, the court may not consider material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim. Sherman v. Stryker Corp., 2009 WL 2241664, at *2 (C.D. Cal. Mar. 30, 2009) (internal citations omitted). There are two exceptions: when material is attached to the complaint or relied on by the complaint, or when the court takes judicial notice of matters of public record, provided the facts are not subject to reasonable dispute. Id. Here, Defendants request judicial notice of various loan documents relied on in the Complaint. (Defendants' Request for Judicial Notice ("Defendants' RJN"). (Doc. 9). Plaintiff does not dispute the authenticity of the documents, thus the Court takes judicial notice of these documents.

B.   <u>Claims for Relief</u>

1.   <u>Violation of Truth in Lending Act, First Cause of Action</u>

Plaintiff alleges that Defendants violated the Truth in Lending Act ("TILA"), 15 U.S.C. §1601 et seq., and seeks damages and rescission. Defendants argue that Plaintiff's claims fail because they are time-barred.

   a.   <u>Rescission</u>

As Defendants argue, the limitations period for TILA rescission cannot be tolled. The "right of rescission shall expire three years after the date of consummation of the transaction . . ., *notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor*." 15 U.S.C. §1635(f) (emphasis added). The Ninth Circuit recognizes "that section 1635(f) represents an *absolute limitation* on rescission actions which *bars any claims* filed more than three years after the consummation of the transaction. Therefore, § 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period." <u>Miguel v. Country Funding Corp.</u>, 309 F.3d 1161, 1164 (9th Cir. 2002) (emphasis added).

Here, Plaintiff consummated her loan in August 2006 but the Complaint was not filed until February 2, 2010, over three years

after the consummation of the transaction. Because Plaintiff did not attempt to rescind against the proper entity within the three-year limitation period, her right to rescind expired. Accordingly, Plaintiff's TILA claim for rescission is DISMISSED, with prejudice.

    b.   <u>Damages</u>

Plaintiff's claim for damages is also time-barred and Plaintiff has not plead sufficient facts to invoke the doctrine of equitable tolling. An action for damages under TILA must be brought within one year of the violation. 8 U.S.C. §1640(e). A TILA violation occurs on "the date of consummation of the transaction," <u>King v. California</u>, 784 F.2d 910, 915 (9th Cir. 1986), and "consummation" means "the time that a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. §226(a)(13).

The doctrine of equitable tolling may "suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." <u>King</u>, 784 F.2d at 915. "Because the applicability of [equitable tolling] often depends upon matters outside the pleadings, it is not generally amendable to resolution on a Rule 12(b)(6) motion. <u>Supermail Cargo, Inc. v. U.S.</u>, 68 F.3d 1204, 1206 (9th Cir. 1995) (internal citations omitted). However, when a plaintiff fails to

allege any facts demonstrating that the TILA violations alleged could not have been discovered by due diligence during the one-year statutory period, equitable tolling should not be applied and dismissal at the pleading stage is appropriate. See Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003); Lingad v. Indymac Federal Bank, 682 F. Supp. 2d 1142, 1147 (E.D. Cal. Jan. 29, 2010)

Here, Plaintiff consummated her loan in August 2006, but the Complaint was not filed until February 2, 2010. Plaintiff has not demonstrated that the alleged TILA violations could not have been discovered by due diligence. Consequently, the doctrine of equitable tolling applicable, and further amendment would be futile. Accordingly, Plaintiff's TILA claim for damages is DISMISSED, with prejudice.

2. Violation of the California Rosenthal Act, Second Cause of Action

Plaintiff did not oppose dismissal of her claim for Violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). Accordingly, Plaintiff's claim for violation of RFDCPA is DISMISSED, with prejudice.

3. <u>Negligence, Third Cause of Action</u>

In order to state a cause of action for negligence, a plaintiff must allege: (1) the defendant has a legal duty to use due care; (2) the defendant breached such legal duty; (3) the defendant's breach was the proximate or legal cause of the resulting injury; and (4) damage to the plaintiff. <u>Ladd v. County of San Mateo</u>, 12 Cal. 4th 913, 917 (1996). The existence of a legal duty on the part of the defendant is a question of law to be determined by the court. <u>Ky. Fried Chicken of Cal., Inc. v. Superior Court</u>, 14 Cal. 4th 814, 819 (1997).

In the lending context, "financial institutions owe no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." <u>Nymark v. Heart Fed. Sav. & Loan Ass'n</u>, 231 Cal. App. 3d 1089,1096 (1991). Therefore, Defendants, as the lender and the successor of the lender, owe no duty to Plaintiff. Plaintiff has not pled sufficient facts to support a claim that Defendants went beyond their roles as "mere lenders of money."

Plaintiff additionally alleges a theory of ostensible agency, however she has not pled sufficient facts to support that theory. See <u>Champlaie v. BAC Home Loans Servicing</u>, 2009 WL 3429622, at *20 (E.D. Cal. Oct. 27, 2009) (finding that Plaintiff's claims did not support a finding of actual or

ostensible agency where there were no allegations indicating that Lender gave the brokers authority to represent or bind Lender, or that Lender took some action that would have given plaintiff the impression that such a relationship existed).

The parties dispute whether the claim is barred by the statute of limitations, however, the Court does not reach this question as it is clear that Defendants owe no duty giving rise to the negligence claim. Accordingly, Plaintiff's claim for negligence is DISMISSED, with prejudice.

4. <u>Violation of Real Estate Settlement Procedures Act ("RESPA"), Fourth Cause of Action</u>

Plaintiff's complaint alleges "Defendants violated RESPA at the time of closing of the [l]oan ... by failing to correctly and accurately comply with [RESPA's] disclosure requirements." (Complaint ¶ 68.) There is no private right of action for a violation of 12 U.S.C. § 2603's disclosure requirements at closing. <u>Lingad</u>, 682 F. Supp. 2d at 1151. Further, the disclosure provisions of RESPA that do confer a private right of action do not pertain to disclosures at a loan's closing. <u>Lopez v. Wachovia Mort.</u>, 2009 WL 4505919, at *3 (E.D. Cal. Nov. 20, 2009).

Plaintiff also alleges "Defendants have engaged in a pattern or practice of non-compliance with the requirements of

the mortgage servicer provisions of RESPA as set forth in 12 U.S.C. § 2605." (Complaint ¶ 69.) However, Plaintiff pleads no facts to support this claim.

Plaintiff's broad and conclusory allegation that Defendants failed to comply with RESPA is insufficient. See Twombly, 550 U.S. at 561. Plaintiff seeks leave to amend the Complaint to allege violations of other provisions of RESPA, but fails to allege any facts that would support amendment. Accordingly, Plaintiff's RESPA claims are DISMISSED, with prejudice.

5. Breach of Fiduciary Duty, Fifth Cause of Action

"The elements of a cause of action for breach of fiduciary duty are: 1) the existence of a fiduciary duty; 2) a breach of the fiduciary duty; and 3) resulting damage." Pellegrini v. Weiss, 165 Cal. App. 4th 515, 524 (2008). Although California law imposes a fiduciary duty on a mortgage broker, no such duty is imposed on a lender. Price v. Wells Fargo Bank, 213 Cal. App. 3d 465, 476 (1989). Thus, as the "mere lender of money," Defendant MortgageIT, and its alleged successor Defendant BAC, hold no fiduciary duty towards Plaintiff. Furthermore, as discussed above, Plaintiff has not plead sufficient facts to support a theory of ostensible agency. Therefore, Plaintiff fails to state a claim upon which relief can be granted and the

Complaint cannot be saved by amendment. Accordingly, Plaintiff's claim for breach of fiduciary duty is DISMISSED, with prejudice.

6. <u>Fraud, Sixth Cause of Action</u>

A claim of fraud must have the following elements: "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." <u>In re Estate of Young</u>, 160 Cal. App. 4th 62, 79 (2008) (<u>quoting</u> <u>Lazar v. Superior Court</u>, 12 Cal. 4th 631, 638 (1996) (internal quotation marks omitted)).

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge and other conditions of the mind of a person may be averred generally." Fed. R. Civ. P. 9(b). The Ninth Circuit has "interpreted Rule 9(b) to mean that the pleader must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." <u>Alan Neuman Prods., Inc. v. Albright</u>, 862 F.2d 1388, 1393 (9th Cir. 1988). "Moreover, in a fraud action against a corporation, a plaintiff must allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written."

Saldate v. Wilshire Credit Corp., 2010 WL 582074, *at 9 (E.D. Cal. Feb. 12, 2010).

Plaintiff alleges that Defendants' "false representations and one or more violations of state and federal laws made by Defendants to Plaintiff at the inception of this transaction were designed to fraudulently induce Plaintiff to enter into this transaction." (Complaint ¶ 83.) However, this claim is time-barred. California applies a three-year statute of limitations for fraud claims. Cal. Code Civ. Proc. § 338(d). Additionally, "a party alleging fraud has a duty to exercise diligence in discovering the fraud, such that the three years begins to run when the party has the opportunity to obtain knowledge from sources open to his investigation." Rivera v. BAC Home Loans Servicing, L.P., 2010 WL 2757041, at *4 (N.D. Cal. Jul. 9, 2010). Here, Plaintiff signed the loan documents in August 2006, but did not file suit until February 2010, over three years later. Plaintiff makes no allegations that despite the exercise of due diligence, she was unable to obtain and investigate the loan documents during that time.

Furthermore, Plaintiff fails to allege fraud with the required particularity to state a plausible claim for relief. The Complaint fails to satisfy the "who, what, when, where and how" requirements as to Defendants. See Day v. American Home Mortg. Servicing Inc., 2010 WL 2231988, at *2 (E.D. Cal. June 3,

2010). Consequently, Plaintiff fails to state a claim upon which relief can be granted and the Complaint cannot be saved by amendment. Accordingly, Plaintiffs' claim for fraud is DISMISSED, with prejudice.

7.  <u>Breach of Contract, Seventh Cause of Action</u>

Plaintiff did not oppose dismissal of her claim for Breach of Contract. Accordingly, this claim is DISMISSED, with prejudice.

8.  <u>Breach of Implied Covenant of Good Faith and Fair Dealing, Eighth Cause of Action.</u>

Plaintiff did not oppose dismissal of her claim for Breach of the Implied Covenant of Good Faith and Fair Dealing. Accordingly, this claim is DISMISSED with prejudice.

9.  <u>Violation of Bus. & Prof. Code § 17200, et seq., Ninth Cause of Action</u>

The California Business & Professions Code § 17200, <u>et</u> <u>seq</u>. (unfair competition law, "UCL") prohibits unfair competition. This statute has a "broad scope that allows for 'violations of other laws to be treated as unfair competition that is independently actionable' while also 'sweep[ing] within its scope acts and practices not specifically proscribed by any

other law.'"  Hauk v. JPMorgan Chase Bank USA, 552 F.3d 1114, 1122 (9th Cir. 2009) (quoting Kasky v. Nike, Inc., 27 Cal. 4th 939, 949 (2002)). While the statute is broad in scope, a plaintiff must still plead her claim so as to establish a violation of the "other law" or unfair practice in question. See Constantini v. Wachovia Mortg. FSB, 2009 WL 1810122, at *3 (E.D. Cal. June 24, 2009).

   Here, Plaintiff alleges unfair competition based on allegations in the Complaint of Defendants' wrongful acts. Because Plaintiff has failed to state a claim for any of these causes of action upon which the wrongful acts are based, Plaintiff's UCL claim is DISMISSED, with prejudice.


10.   Injunctive Relief, Tenth Cause of Action

   Injunctive relief is a remedy which must rely upon underlying claims. Hafiz v. Greenpoint Mortgage Funding, Inc., 652 F.Supp.2d 1039 (N.D. Cal. 2009). Because all of Plaintiff's claims have been dismissed with prejudice, the cause of action
//
//
//
//
//
//

for injunctive relief cannot stand. Accordingly, Plaintiff's claim for injunctive relief is DISMISSED with prejudice.

## III. ORDER

For the reasons set forth above, Defendant's Motion to Dismiss is GRANTED, WITH PREJUDICE.

IT IS SO ORDERED.

DATED: August 18, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE